**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.    1:22 CR 81 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) | <u>MEMORANDUM OPINION</u> |
| REYNALDO UMPIERRE, | ) | <u>AND ORDER</u> |
|  | ) |  |
| Defendant. | ) |  |

This matter comes before the Court upon Defendant, Reynaldo Umpierre's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. §2255. (ECF #558). The Government has filed a Response in Opposition, arguing, among other things, that Mr. Umpierre' petition was not timely filed. (ECF #553).

## FACTUAL AND PROCEDURAL HISTORY

Mr. Umpierre pled guilty to four drug trafficking counts, including two counts of conspiracy to distribute and possession with intent to distribute controlled and two counts of attempted possession with intent to distribute controlled substances, all in violation of 21 U.S.C. §§846 and 841(a)(1), (b)(1)(A). (ECF #362, PageID 1543). On October 3, 2023, he was sentenced to 150 months of imprisonment. (ECF #462, 485). He did not appeal his conviction or his sentence. On January 20, 2026, Mr. Umpierre filed the instant Motion to Vacate, alleging

ineffective assistance of counsel.  The Government contends that Mr. Umpierre's § 2255 petition is untimely, and that any requested relief was waived as part of his plea agreement.

## ANALYSIS

Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a sentence that is alleged to violate federal law.  *Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that § 2255 petitions be filed within one year of the finalization of the conviction.  28 U.S.C. § 2255(f); see also, *In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir. 1997).   Specifically, the statute provides as follows:

> (f) A 1 year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of
>
> > (1)  the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4).

Mr. Umpierre was sentenced on October 3, 2023.  The judgment was docketed on October 4, 2023.  He had fourteen days within which to file a direct appeal. Fed. R. App. P. 4(b)(1)(A).  Because no direct appeal was filed, the judgment became final in this case on

2

October 28, 2023, fourteen days after the judgment was issued, and the date when Petitioner's time for filing a notice of appeal expired.  28 U.S.C. §2255(f)(1); see, also, e.g., *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004).  Mr. Umpierre has not asserted that subsections two through four apply and there are no facts before the Court that would suggest that any of these circumstances operate to extend Mr. Umpierre' filing deadline in this case.  His petition also makes clear that he  had actual knowledge of the facts underlying his claims no later than the date of his sentencing.   According to the signature line on his motion, Mr. Umpierre placed his motion in the prison mailbox on January 12, 2026.  His time to file a motion under §2255 expired one year after his conviction became final, which was October 28, 2024, at the latest.  Therefore, his claim is time-barred and must be dismissed.

Even if his claims had not been time-barred, they are barred by the waiver he agreed to as part of his plea agreement.  In exchange for the promises and considerations he received as part of his plea agreement, Mr. Umpierre waived his right to appeal or to bring any post-convictions challenges to his sentence, including a proceeding under 28 U.S.C. §2255, unless his punishment exceeded the statutory maximum, or exceeded the maximum sentencing imprisonment range determined under the Sentencing Guidelines based on the sentencing stipulations and the Criminal History Category found applicable by the Court.  Mr. Umpierre's sentence did not exceed either of these measures.  The only other exception to the waiver is the allowance of an appeal or collateral attack on the alleged insufficiency of counsel, or for an allegation of prosecutorial misconduct.  Mr. Umpierre does not make either of these claims as part of his motion.

Finally, even if the Court were to consider the merits of Mr. Umpierre's arguments, his

3

claims would fail on the merits.  There is no factual or legal support for the redresses he seeks in his motion.  There was no discrepancy between the final findings made by the Court at the sentencing hearing and the judgment entered in this case.  (ECF #526, PageID 2871).[1]  His counsel argued against the imposition of leadership enhancement points, but also admitted that Mr. Umpierre, though not the head of the conspiracy, did give orders and directions to some of his co-conspirators.  (ECF #526 PageID 2859; ECF #440, PageID 2438).  In addition, the Pre-Sentence Report found that he recruited several other members of the conspiracy, and directed their activities, and that he shared in the profits of the conspiracy.  (ECF # 440, Page ID 2413-17).  Contrary to Mr. Umpierre's arguments, that Court did consider his post-conviction behavior during sentencing, and, in fact, reduced the total offense level on the basis of his positive post-conviction conduct._(ECF #526, PageID 2871).  Finally, Mr. Umpierre previously raised his challenge to the calculation of his criminal history category as a motion under 18 U.S.C. §3582(c)(2), and the Court properly found that even after adjustment for the changes made through Amendment 821, Mr. Umpierre still had four properly scored criminal history points, which correlates to a criminal history category of III.  Therefore, there was no miscalculation in his criminal history category.  (ECF #537).  Mr. Umpierre's final complaint, that he has been precluded from participating in the RDAP program, is not an issue that can be addressed by the Court through a §2255 motion.  The RDAP program is run by the Bureau of Prisons and is not a part of Mr. Umpierre's sentence.  As outlined above, Mr. Umpierre has not presented any

---

[1] Although at one point the Court mistakenly stated that Mr. Umpierre was a criminal history category II, that statement was corrected before the Court issued its final findings.  In the final findings at the sentencing hearing, and in the judgment entry, the criminal history category is correctly calculated to be a level III. (ECF #536, PageID 2871; ECF #485).

argument consistent with the record, that could support relief under 28 U.S.C. §2255. Thus, even if it had been timely, his motion would, therefore, be denied.

**CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been

5

denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

### CONCLUSION

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, (ECF #558), filed pursuant to 28 U.S.C. § 2255, is dismissed as untimely. Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _July 22, 2026_

6